UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD W. KELLY, | No. C 07-3928 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| BEN CURRY, warden, | |
| Respondent. | |

Richard Kelly, a prisoner at the Correctional Treatment Facility in Soledad, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition is not his first federal habeas petition concerning his 2001 conviction from the San Mateo County Superior Court. His earlier habeas petition in <u>Kelly v. Lamarque</u>, No. C 02-390 SI, was denied on the merits in 2003.

A second or successive petition may not be filed in this court unless the petitioner first obtains from the United States Court of Appeals for the Ninth Circuit an order authorizing this court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Kelly has not obtained such an order from the Ninth Circuit. This court will not entertain a new petition from Kelly until he first obtains permission from the Court of Appeals for the Ninth Circuit to file such a petition. This action is DISMISSED without prejudice to Kelly filing a petition in this court after he obtains the necessary order from the Court of Appeals for the Ninth Circuit.

If Kelly wants to attempt to obtain the necessary order from the Ninth Circuit, he should very clearly mark the first page of his document as a "MOTION FOR ORDER AUTHORIZING

DISTRICT COURT TO CONSIDER SECOND OR SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)" rather than labeling it as a habeas petition because the Ninth Circuit clerk's office is apt to simply forward to this court any document labeled as a habeas petition. He also should mail the motion to the Ninth Circuit (at 95 Seventh Street, San Francisco, CA 94103), rather than to this court. In his motion to the Ninth Circuit, he should explain how he meets the requirements of 28 U.S.C. § 2244(b).

The court also notes that it appears petitioner did not exhaust state court remedies for the claim he presents in the current petition; he mentions only a denial of his state habeas petition by the superior court and not any denial by the California Supreme Court. The exhaustion rule requires that prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. See 28 U.S.C. § 2254(b),(c); Rose v. Lundy, 455 U.S. 509, 515-16 (1982); Duckworth v. Serrano, 454 U.S. 1, 3 (1981).

Petitioner's in forma pauperis application is DENIED. (Docket # 3.)

The clerk shall close the file.

IT IS SO ORDERED.

DATED: September 18, 2007

_____
SUSAN ILLSTON
United States District Judge

2